**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-01396-RM-NYW

MARQUISE D. HARRIS, and
DEDRICK D. HARRIS,

    Plaintiffs,

v.

DET. MARK ROMERO,
DET. JESSY AVEDANON,
SGT. MARTINEZ,
OFC. ROBERT J. FOSTER,
OFFICER EMILY CASPER,
OFFICER NOVONTY,
OFFICER JOHN DOE,
CHIEF PAZEN,
LT. DIK KUSHDILIAN,
BETH MCCANN,
JOHN DAVIDSON,
GINEN HATTER-PEREZ,
SGT. JAMES DIXION,
OFFICER REINER,
OFFICER JENKINS, and
CITY AND COUNTY OF DENVER,

    Defendants.

---

**DENVER DEFENDANTS' MOTION TO RESTRICT ACCESS TO DOC. # 53**

---

Defendants Det. Mark Romero, Det. Jesse Avendano, Ofc. Robert J. Foster, Ofc. Emily Capser, Ofc. Chelsea Novotny, Chief Paul Pazen, Lt. Dik Kushdilian, Sgt. James Dixon, Ofc. Kenneth Reiner, Ofc. Jeremy Jenkins, Ginen Hatter-Perez and the City and County of Denver (collectively "Denver Defendants"), by and through counsel and pursuant to D.C.COLO.LCivR 7.2, hereby request that this Court restrict access to Doc. 53, filed November 19, 2020. In support, Denver Defendants state as follows:

## CERTIFICATE OF CONFERRAL

Undersigned counsel conferred via e-mail with Plaintiffs Marquis and Dedrick Harris regarding this Motion. Plaintiffs indicated by responsive email they will reserve their objection until seeing the grounds upon which the motion is based and objected to the motion to the extent undersigned counsel has not entered his appearance on behalf of Sergeant Martinez.

## SUPPORTING FACTS

On May 15, 2020, Plaintiffs filed a Complaint under 42 U.S.C. § 1983, alleging violations of their constitutional rights related to an arrest of Marquis Harris on November 6, 2018 and a later arrest of Dedrick Harris on March 1, 2019. [Doc. #1]. The Complaint included Sergeant Martinez as a named Defendant. [Doc. #1]. However, after determining the correct identity of Sergeant Martinez, efforts to determine if he would consent to waive service were unsuccessful. On August 17, 2020, the Denver Defendants filed a Motion to Dismiss, in Part, and an Answer, in Part. [Docs. 31, 32]. Sergeant Martinez, along with named Defendants Beth McCann and John Davidson, were not included in either filing. *Id*.

A Status Conference was held on November 12, 2020, at which point the service upon Sergeant Martinez was addressed. [Doc. 51]. Following discussion regarding the unsuccessful efforts to determine whether Sergeant Martinez would consent to a waiver of service, Judge Wang ordered Denver Defendants, through undersigned counsel, to provide the Court with Sergeant Martinez's last known address to facilitate service by the U.S. Marshals Office, noting specifically that "[the address] may be filed under restriction as appropriate." [*Id*.]. On November 19, 2020, Denver Defendants filed a Notice to Court with the last known address of Sergeant Martinez attached as Exhibit A. [Docs. 52, 53]. Exhibit A was filed under Level 3 restricted status to protect the confidentiality of Sergeant Martinez's residential address. On November 24, 2020, the address was provided to the U.S. Marshals Office with an Order for service of Plaintiff's Complaint upon Sergeant Martinez at the

noted address. [Docs. 54, 55]. Denver Defendants now file this Motion for the address of Sergeant Martinez to remain under Level Three restriction, with access limited to only the Court, pursuant to D.C.COLO.LCivR. 7.2.

## ANALYSIS

D.C.COLO.LCivR 7.2(c)(1) – (5) governs motions filed to restrict public access to court documents and outlines a five-part analysis for a request to seal court documents from public access and viewing. Each section of the rule is addressed below, corresponding numerically to the Rule:

1. The identity of the document for which Denver Defendants seek Level Three restricted access is Exhibit A to the Notice to the Court, reflected as Document 53 in the above-captioned proceeding. Exhibit A shows Sergeant Martinez's last known address, which was provided by undersigned counsel in compliance with the Court's November 12, 2020 Order at the Status Conference. [Docs. 51-53].

2. The interest to be protected is Sergeant Martinez's right to privacy, as well as that of his family and any residents occupying the address provided. It is believed that the address provided to the Court as Sergeant Martinez's last known address is his personal residential address. The Denver Defendants and undersigned counsel, as employees of the City and County of Denver, are mandated to comply with Denver municipal ordinances regarding the confidentiality of home addresses of city officials, officials and employees. *See*, Denver Municipal Code., Chapter, 2, Art. X §§ 2-271, 2-272. The full text of section 2-271 states "[i]t is the policy of the city to protect the home addresses and home telephone numbers of city officers, officials and employees so that they may perform their duties without fear of reprisal, retribution or intimidation. To this end, it is hereby declared that it would do substantial injury to the public interests to disclose the home addresses . . . of any city officer, official or employee without their prior written consent." *Id*.

The Denver Defendants are obligated to comply with such a municipal ordinance to protect

against public dissemination of Sergeant Martinez's personal address. Additionally, such protections of personal information and individual privacy rights are recognized by the U.S. Supreme Court. *See*, *Walen v. Roe*, 429 U.S. 589, 599-600 (1977) (stating the "constitutional right to privacy grounded in the Fourteenth Amendment respects individual autonomy in intimate matters, but also the individual's interest in avoiding divulgence of highly personal information."). In Colorado, such personal information is protected from disclosure absent a compelling reason for public dissemination. *See*, *Denver P.P.A. v. Lichtenstein*, 660 F.2d 432 (10th Cir. 1981); *Martinelli v. Dist. Court*, 612 P.2d 1083 (1980). In this case, no such compelling reason exists. The sole reason for disclosure of the address was to comply with the Court's Order and for the purpose of facilitating service by the U.S. Marshals Office, as seen in the Court's Orders. As such, there is no compelling reason for any public access to Sergeant Martinez's address. While such a privacy right may be waived by Sergeant Martinez, such as through written consent under the Denver Municipal Code, Denver is not in possession of any such consent and, therefore, must ensure access to his private information is protected from public access.

3.  In the absence of written consent or a compelling reason for disclosure, Denver Defendants risk violating Sergeant Martinez's privacy rights, protected both by local ordinances and federal law. Such disclosure would also potentially allow for the public to have access to Sergeant Martinez's residential address, placing him, as a Denver Police Officer, and his family at risk of retribution, intimidation or threats based upon the nature of his employment.

4.  A lesser means of restricting access is neither practicable nor necessary for this personal information. Sergeant Martinez's address was filed under Restriction Level Three, allowing only the Court to access the address for purposes of facilitating service on Sergeant Martinez. Here, Level One allows for his address to be accessed by the parties and the Court. However, in this case, the parties include employees of the City, including possible records custodians, who are obligated to protect such personal information from public dissemination. Additionally, such employees, as well as the Plaintiffs

and the general public, have no role in service upon Sergeant Martinez, which is the purpose of providing the Court with his last known address. It is, therefore, unnecessary for the address to be under any level of restriction less restrictive than Level Three.

Plaintiffs are both members of the public and allowing Sergeant Martinez's address to be accessible to them, as well as the general public, is in violation of Sergeant Martinez's privacy rights protected by local, state and federal law. Furthermore, it is unnecessary for access to be made at any level less restrictive than Level Three, as the purpose for submitting Sergeant Martinez's address was to facilitate service through the U.S. Marshals, a function that only the Court can perform through the Orders it has already issued.

5.      For the foregoing reasons, a Level Three Restriction, allowing only for Court access, is appropriate and Denver Defendants request that access to Document #53 be restricted to only the Court for purposes of service upon Sergeant Martinez through the U.S. Marshals Office.

WHEREFORE, Denver Defendants request that Exhibit A to the Notice, filed as Document #53, be protected by shielding public access thereto, affording access only to the Court for purposes of service by the U.S. Marshals Office.

DATED this 3rd day of December, 2020.

Respectfully submitted:

By: *s/ Robert C. Huss*
Robert C. Huss, Assistant City Attorney
Denver City Attorney's Office, Litigation Section
201 W. Colfax Ave., Dept. 1108
Denver, CO 80202-5332
Telephone: (720) 913-3100
Facsimile: (720) 913-3190
robert.huss@denvergov.org
*Attorneys for Denver Defendants*

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of December, 2020, I electronically filed the foregoing **MOTION TO RESTRICT ACCESS TO DOC. # 53** with the Clerk of the Court using the CM/ECF and mailed by first-class mail to:

Dedrick D. Harris
1195 Xenia Street
Apt. B
Denver, CO 80220

Marquise D. Harris
1163 Dallas Street
Aurora, CO 80010
*Pro Se Plaintiffs*

*s/ Robert C. Huss*
Denver City Attorney's Office